**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARIMA K. ALI,           Plaintiff,      v.HUMANA INC.,           Defendant. | NO. 12-cv-00509-AWI-GSA**ORDER RE: MOTION TO DISMISS****Document #8** |

## I. BACKGROUND

Plaintiff Karima Ali entered into a written agreement with Defendant Humana, Inc. on November 4, 2009. Plaintiff agreed to become an independent contractor and solicit applications for Defendant's health and life insurance plans. Plaintiff also agreed to solicit applications for Medicare Advantage Plans that are sold by Defendant. In return, Defendant agreed to compensate Plaintiff with a commission from each insurance plan, and pay a separate Medicare referral fee for each Medicare Advantage Plan. The complaint alleges that Defendant terminated the contract, causing difficulties for Plaintiff.

Plaintiff filed her complaint on March 6, 2012 in Fresno County Superior Court, alleging seven causes of action against Defendant, claiming breach of contract, conversion, defamation, negligence, fraud, unfair competition and loss of opportunity. Defendant removed the case to this court on April 3, 2012. Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Defendant moved to dismiss Plaintiff's causes of action, excluding the breach of contract claim, on April 10, 2012. Plaintiff did not file a response.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Balckfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pac. Prop. and Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). *See also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

2

doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### III. DISCUSSION

The issue before the court is whether Plaintiff adequately states claims for conversion, defamation, negligence, fraud, unfair competition and loss of opportunity. Defendant contends that all of Plaintiff's allegations are unclear and insufficient. Plaintiff did not respond.

**A. Conversion Claim**

The complaint alleges that Defendant refused to pay Plaintiff $40,000 that she earned on January 1, 2011, and instead Defendant used the funds as its own. Defendant contends that Plaintiff's allegations are unintelligible, rendering a response virtually impossible. Under California law, to sufficiently state a claim for conversion, the plaintiff must establish: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by wrongful act; and (3) damages. *Haro v. Ibarra*, 180 Cal. App. 4th 823, 835 (2009). A cause of action for conversion of money may be stated where a defendant interferes with a plaintiff's possessory interest in a specific, identifiable sum. *Kim v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267, 284 (2011).

To sustain her conversion action, Plaintiff need not establish absolute ownership over the funds, rather she need only to show that she was entitled to possession at time of the

conversion. *Irving Nelking & Co. v. South Beverly Hills Wilshire Jewelry & Loan*, 129 Cal. App. 4th 692, 699 (2005) . Plaintiff's only support for her right to possession of the funds is her assertions that she earned the $40,000 on January 1, 2011, and that "United States Medicare paid the funds to be transferred immediately to Plaintiff." Plaintiff refers to the funds as an override commission, but does not clarify whether she earned the $40,000 as an override or commission. Plaintiff fails to sufficiently explain why she was entitled to possession of the $40,000 and the Court is not required to accept her conclusory allegations as true. *In re Gilead*, 536 F.3d at 1056-57. Since Plaintiff does not sufficiently allege an essential element of her conversion claim, she cannot maintain this cause of action against Defendant.

**B. Defamation Claim**

Defamation is considered an "invasion of reputation" and involves (1) a publication that is (2) false, (3) unprivileged, (4) defamatory and (5) has a natural tendency to injure or cause special damage. *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App. 4th 962, 970 (2011); *Gilbert v. Sykes*, 143 Cal. App. 4th 13, 27 (2007). Plaintiff alleges that Defendant, through Director Jerry Adams and Manager Tim Jeans, verbally and electronically communicated to Plaintiff's agents that they remained unpaid due to Plaintiff's incompetence, mismanagement and dishonesty. Defendant argues that Plaintiff's allegations are not sufficiently specific to support a defamation claim.

*1. Defendants Published False Statements*

Liability for defamation requires defamatory matter that is "published" or communicated to a third party who understands its defamatory meaning and applicability to the plaintiff. *Martinelli v. International House USA*, 161 Cal. App. 4th 1332, 1337 (2008); *Raghavan v. Boeing, Co.*, 133 Cal. App. 4th 1120, 1132 (2005). Plaintiff alleges that Defendant communicated the defamatory matter to ten of Plaintiff's agents, each of whom are named in the complaint. Accepting this as true, it is reasonable to infer that Plaintiff's agents, as third parties,

4

understood the allegations as defamatory and applicable to Plaintiff. Additionally, Plaintiff can only recover for defamation if the information is false. *Gilbert*, 147 Cal. App. 4th at 27. Plaintiff stated that she is neither incompetent nor dishonest, and was unable to pay her agents because Defendant did not pay her. Thus, Plaintiff has sufficiently alleged that Defendants published false statements.

*2. The Statements Were Unprivileged*

California law recognizes two types of privileges for communications: an absolute privilege that precludes liability regardless of any malice, and a conditional, qualified privilege that is precluded by a finding of malice. *Hassan v. Mercy Am. River Hosp.*, 31 Cal. App. 4th 709, 730 (2003); *Kashian v. Harmian*, 98 Cal. App. 4th 892, 912 (2002). The absolute privilege generally involves communications regarding litigation proceedings, or any other official proceeding authorized by law. *See* Cal. Civ. Code § 47(b); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 335 (2008). The defendant has the initial burden of showing the statement was privileged. *Kashian*, 98 Cal. App. 4th at 915. If it is determined that the privilege is conditional, the burden shifts to the plaintiff to show that the defendant made the statement with malice. *Id.*

Primarily, nothing in the facts suggests Defendant's statements concerned litigation or official proceedings, so the communications are likely not protected by an absolute privilege. Next, both Plaintiff and Defendant are silent as to any conditional privilege. Since Defendant did not attempt to invoke a privilege, the Court will infer that the communications were unprivileged and the element is satisfied.

*3. Defendant's Statements Constitute Slander Per Se*

Whether the false statements were actually defamatory depends on whether the statements constitute libel or slander. *See* Cal. Civ. Code §§ 45, 46. The complaint alleges that the statements were slanderous per se. If the statements are determined to constitute slander per se, Plaintiff no longer has to prove actual damage. *Regalia v. Nethercutt Collection*, 127 Cal.

App. 4th 361, 365 (2009) (quoting *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 107 (2004)). Under California Civil Code section 46, a false statement is considered slanderous per se if it

> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits

The *Nethercutt* court noted that category three of section 46 is particularly indeterminate, and is defined as cases arise. *Id*. "It is not sufficient that the words be merely injurious but they must prejudice him in his special profession or business." *Id.* (citing *Correia v. Santos*, 191 Cal. App. 2d 844, 853 (1961)). *Nethercutt* also commented that the majority of cases invoking category three involved statements that reflect on the integrity and competence of the plaintiff. *Id.* Ultimately, whether the statements are slanderous per se is a question of law for the court to determine. *Id*. at 368.

Even in light of the *Nethercutt* considerations, Plaintiff's claim still sufficiently alleges slander per se. Plaintiff alleges that Defendant attempted to persuade her agents that Plaintiff's dishonesty, mismanagement and incompetence explained why Plaintiff did not pay her agents. Thus, Defendant's alleged false statements attempted to directly injure Plaintiff's business by attacking her reputation, integrity and ability to manage her business. As such, Defendant's alleged false statements would constitute slander per se.

### *4. Plaintiff Adequately Stated a Cognizable Defamation Claim*

In sum, Plaintiff has sufficiently alleged that Defendant published false, unprivileged, defamatory statements. The statements alleged constitute slander per se, so Plaintiff is not required to prove actual damage. Thus, Plaintiff has adequately stated a cognizable claim for defamation.

///

**C. Negligence Claim**

The complaint alleges that Defendant negligently handled Plaintiff's commission statements, causing multiple inaccuracies. Plaintiff alleges that she filed 10 audit trails to which Defendant negligently neglected to respond or conduct a reasonable investigation. Defendant contends that Plaintiff did not allege that Defendant owed a duty to Plaintiff independent of their contract, and Plaintiff cannot recover in tort for a breach of contract.

To establish a prima facie case of negligence, Plaintiff must establish that Defendant owed a duty to her, breached that duty and the breach actually caused Plaintiff's injury. *Walker v. Sonora Reg'l Med. Ctr.*, 202 Cal. App. 4th 948, 958 (2012). The complaint is unclear as to whether Plaintiff is attempting to state a cause of action against Defendant's mishandling of the commission statements, or Defendant's lack of response to the audit trails. In addition, neither potential claim establishes that Defendants owed a legal duty to Plaintiff. Plaintiff does not allege that her contract with Defendant creates a legal duty of care[1], and in fact the complaint is silent as to the duty element. Plaintiff only asserts that Defendant's conduct was negligent in several instances and does not elaborate further. As noted above, a complaint need not contain detailed factual information, but legal conclusions supported by mere conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) Thus, Plaintiff fails to establish an essential element and cannot maintain a claim for negligence.

**D. Fraud**

Plaintiff alleges that Defendant worked with other (unnamed) defendants to coerce Plaintiff's agents to work directly with Defendant, and that Defendant did not request nor obtain a proper release from Plaintiff. Plaintiff entitled the action "Fraud and Deceit by Intentional

---

[1] A duty may arise through a contract, but only where a defendant fails to perform the contract with care, skill, reasonable expedience or faithfulness. *Tucker v. CBS Radio Stations Inc.*, 194 Cal. App. 4th 1246, 1253 (2011) (citing *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979)); *N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 774 (1997).

Conversion." Although Plaintiff does not cite any authority for the existence of this cause of action, she seems to suggest that Defendant fraudulently induced Plaintiff's agents to contract directly with Defendant. As such, the Court will assume that Plaintiff is attempting to state a claim for fraud by a party to a contract. *See* Cal. Civ. Code § 1572. Defendant contends that Plaintiff's allegations do not comply with the strict pleading requirements for a fraud cause of action. The Court agrees.

To establish a prima facie case for fraud, a plaintiff must show (1) a misrepresentation; (2) knowledge of the falsity; (3) the intent to defraud; (4) justifiable reliance and (5) resulting damage. *Phillipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007). Both Federal Rule of Civil Procedure 9(b) and California law require each element to be specifically and factually pleaded. *Gulsvig*, 154 Cal. App. 4th at 363; *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 520 (2004); Fed. R. Civ. Proc. 9(b). Particularly, Plaintiff must plead that she actually relied on the misrepresentation. *Cadlo*, 125 Cal. App. 4th at 520.

The complaint does not allege any of the elements of fraud. Plaintiff asserts that Defendant "lured all Plaintiff's agents to work directly with Defendant," but does not specifically explain what Defendant communicated to her agents. Nor does the complaint allege that Plaintiff actually relied on any sort of misrepresentation, or that Defendant intended to defraud Plaintiff. Because Plaintiff fails to properly plead essential elements of a claim for fraud, she cannot maintain this cause of action against Defendant.

**E. Unfair Competition**

Plaintiff asserts that Defendant "attempted and succeeded in luring more than 30 [of] [P]laintiff's agents through a deceptive and wrongful business practice." The complaint also alleges that Defendant lured Plaintiff's agents by spreading rumors, lies, unfounded allegations and outright threats with the intent of obtaining Plaintiff's "Book of Business." Defendant argues that Plaintiff's allegations fall short of pleading an actionable claim for unfair competition.

Plaintiff titled the claim "Unfair Competition" but did not specify if the claim is based on the common law cause of action[2] or California Business and Professional Code § 17200, which defines unfair competition as any unlawful, unfair or fraudulent business practice. Because the scope of section 17200 is unquestionably broad, the Court will assume that Plaintiff bases her claim on this statute. To state an unfair competition claim under § 17200, Plaintiff must establish that Defendant's conduct was unfair, unlawful, or fraudulent. *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 877 (1999). Each term provides an independent basis for relief. *Id.* The Court will infer from the title that Plaintiff alleges Defendant engaged in unfair business practices, rather than unlawful or fraudulent conduct. An unfair business practice claim uses a balancing test that weighs the utility of a defendant's conduct against the gravity of the harm to the alleged victim. *State Farm Fire & Casualty Co. v. Super. Ct.*, 45 Cal. App. 4th 1093, 1104 (1996).

Plaintiff does not clarify whether the resulting harm was the loss of her agents, or the loss of her Book of Business. Plaintiff also fails to articulate the unfair business practice that caused either loss. The standard for what constitutes unfair business practice is intentionally broad to allow courts discretion to prohibit new schemes to defraud. *Cel-Tech Commc'n, Inc. v. L.A. Cellular Te. Co.*, 20 Cal. 4th 163, 181 (1999). Even so, Plaintiff did not specify *any* business practice or scheme. Plaintiff only asserts that Defendant lured her agents by engaging in wrongful and deceptive business practice and by spreading rumors, lies and unfounded allegations. While a business practice that is deceptive is necessarily unfair, Plaintiff does not elaborate as to how Defendant's conduct was deceptive nor how the rumors and lies affected competition. *Blakemore v. Super. Ct.*, 129 Cal. App. 4th 36, 49 (2005). As noted, threadbare recitals of the elements of a cause of action do not defeat a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

---

[2] The common law cause of action involves a defendant passing off a plaintiff's goods as those of another, which is not suggested by the facts. *Sybersound Records Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2003).

9

1949-50 (2009). Plaintiff fails to properly allege that Defendant engaged in unlawful, unfair or fraudulent business practices and therefore does not state a cognizable claim of unfair competition.

**F. Loss of Opportunity**

The complaint alleges a cause of action for "loss of opportunity" for earnings Plaintiff anticipated but did not receive because her contract with Defendant was terminated. Loss of opportunity may be claimed as compensatory damages, but Plaintiff has not referred to any authority which establishes that loss of opportunity exists as a separate cause of action. *See Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 19 (2009) ("Damages are monetary compensation for loss or harm suffered by a person, or certain to be suffered in the future, as a result of the unlawful act or omission by another"). Thus, Plaintiff has not stated a cognizable claim for relief.

## IV. DISPOSITION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the Second and Fourth through Seventh Causes of Actions is GRANTED with leave to amend. Plaintiff shall have leave to amend within 30 days of entry of this order.
2. Defendant's motion to dismiss the Third cause of action is DENIED.

IT IS SO ORDERED.

Dated:   June 21, 2012                                  _____
                                                        CHIEF UNITED STATES DISTRICT JUDGE

10