IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA ALI, | 1:12-cv-00509-AWI-GSA |
| Plaintiff, | ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT |
| v. | |
| HUMANA, INC., | (Doc. 13) |
| Defendant. | |

**I. INTRODUCTION**

Defendant Humana, Inc. (hereinafter referred to as "Defendant") has filed a motion to dismiss the first, second and fourth through seventh causes of action in the first amended complaint of plaintiff Karima Ali (hereinafter referred to as "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement in the alternative pursuant to Federal Rule of Civil Procedure 12(e).  For reasons discussed below, the motion to dismiss shall be granted.

**II. FACTS AND PROCEDURAL BACKGROUND**

The Court refers the parties to previous orders for a complete chronology of the proceedings.  On

July 3, 2012, Plaintiff filed her first amended complaint (FAC) against Defendant asserting causes of action for (1) breach of written contract, (2) conversion, (3) defamation, (4) negligence, (5) fraud and deceit by intentional conversion, (6) unfair competition and (7) loss of opportunity. On July 17, 2012, Defendant filed its motion to dismiss the first, second and fourth through seventh causes of action in the FAC pursuant to Rule 12(b)(6) or for a more definite statement in the alternative pursuant to Rule 12(e). Plaintiff filed her opposition to Defendant's motion on August 6, 2012.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant [may also] move for a more

definite statement under [Federal] Rule [of Civil Procedure] 12(e) before responding." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

## IV. DISCUSSION

***Plaintiff's first cause of action (breach of written contract) –*** Plaintiff first asserts a cause of action against Defendant for breach of written contract. In California, the elements of a cause of action for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach and (4) resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 821, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011). Having reviewed the FAC in its entirety, the Court finds Plaintiff has failed to allege facts sufficient to establish the threshold element for such a claim – namely, the existence of a contract. "If the action is based on alleged breach of a written contract," as in this case, "the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." *Harris v. Rudin, Richman & Appel,* 74 Cal.App.4th 299, 307, 87 Cal.Rptr.2d 822 (1999). That was not done here. Plaintiff does attach as an exhibit to her opposition a copy of what appears to be a "Group Producing Agent or Agency Contract" between her and Defendant. That contract, however, must be appended to the complaint or the subject of a request for judicial notice for the Court to consider it. Accordingly, dismissal of this cause of action shall be GRANTED.

***Plaintiff's second cause of action (conversion) –*** Plaintiff further asserts a cause of action against Defendant for conversion. In California, conversion is "the wrongful exercise of dominion over" property belonging to another. *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1066, 80 Cal.Rptr.2d 704 (1998). The elements of the tort of conversion are "(1) the plaintiff's ownership or right to possession of personal property, (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." *Fremont Indemnity Co.*

*v. Fremont General Corp.,* 148 Cal.App.4th 97, 119, 55 Cal.Rptr.3d 621 (2007).  Having reviewed the FAC, the Court finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief for conversion.  Plaintiff alleges Defendant "received well over $40,000.00 for 2012 enrollments from the US Government [sic] on behalf of Plaintiff as commission," but alleges no facts to establish her ownership or right to possession of these funds other than to suggest Defendant had an obligation under its contract with Plaintiff to pay Plaintiff "$100 override on every enrollment Plaintiff's agents submit[.]"  Plaintiff further alleges her agents "submitted 400 enrollments."  Problematically for Plaintiff, as the Court concluded above, no facts have been alleged to establish the existence of a contract between the parties, let alone one imposing such an obligation on Defendant.  Accordingly, dismissal of this cause of action shall be GRANTED.

***Plaintiff's fourth cause of action (negligence)*** – Plaintiff further asserts a cause of action against Defendant sounding in negligence.  "The elements of a cause of action for negligence are ' " '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach [was] the proximate or legal cause of the resulting injury.' " [Citation.]' [Citation.]" *Walker v. Sonora Regional Medical Center,* 202 Cal.App.4th 948, 958, 135 Cal.Rptr.3d 876 (2012).  Having reviewed the FAC, the Court finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief for negligence.  Plaintiff alleges Defendant "[o]we[d] Plaintiff a duty to investigate and correct any discrepancies on any statement" and also "ha[d] a legal duty to use due care in handling any [a]udit request[.]"  Plaintiff further alleges Defendant breached these duties by not responding to "any of the 10 audit trails" filed by Plaintiff "to inquire about her commission which exceeds $40,000.00."  Plaintiff has not, however, alleged facts to establish Defendant owed her the asserted duties or that it breached any of the duties owed; the foregoing allegations are simply conclusory.  Accordingly, dismissal of this cause of action shall be GRANTED in favor of Defendant.

***Plaintiff's fifth cause of action (fraud and deceit by intentional conversion)*** – Plaintiff further

4

asserts a cause of action against Defendant for fraud and deceit by intentional conversion. In California, " 'fraud is an intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. [Citation.]' [Citation.]" *Intrieri v. Superior Court,* 117 Cal.App.4th 72, 85-86, 12 Cal.Rptr.3d 97 (2004). Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong.' [Citation.]" *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. [Citation.] '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' [Citation.]" *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003); *see Lazar v. Superior Court,* 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996); *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991) ("requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when . . . ."). Having reviewed the FAC, the Court finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief for fraud against Defendant. Plaintiff has not provided the requisite specificity for the allegations, and thus the allegations are simply too vague and generalized to support a claim. Accordingly, dismissal of this cause of action shall be GRANTED.

***Plaintiff's sixth cause of action (unfair competition)*** – Plaintiff further asserts a cause of action against Defendant for unfair competition, presumably in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 et seq. "In order to state a claim for a violation of the

5

[UCL], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of California,* 189 Cal.App.4th 1117, 1136, 117 Cal.Rptr.3d 262 (2010). The purpose of the UCL "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002). " 'Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent. "In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa." ' " *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

An unlawful business practice is one that " 'is forbidden by any law' " (*Olszewski v. Scripps Health,* 30 Cal.4th 798, 827, 135 Cal.Rptr.2d 1, 69 P.3d 927 (2003)), and "[v]irtually any law – federal, state or local – can serve as a predicate for a section 17200 action" (*State Farm Fire & Casualty Co. v. Superior Court,* 45 Cal.App.4th 1093, 1102-03, 53 Cal.Rptr.2d 229 (1996) (abrogated on other grounds by *Cel-Tech Communications, Inc., supra,* 20 Cal.4th at 180)). " '[A] fraudulent business practice is one that is likely to deceive members of the public.' [Citation.] 'A claim based upon the fraudulent business practice prong of the UCL is "distinct from common law fraud. 'A [common law] fraudulent deception must be actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages. None of these elements are required to state a claim for . . . relief' under the UCL. [Citations.] This distinction reflects the UCL's focus on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices."' [Citation.] A fraudulent business practice ' " 'may be accurate on some level, but will nonetheless tend to mislead or deceive . . . . A perfectly true statement couched in such a manner that is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under' " the UCL.' [Citation.]" *Boschma v. Home Loan Center, Inc.,* 198 Cal.App.4th 230, 252-53, 129 Cal.Rptr.3d 874 (2011). Lastly, "an 'unfair' business practice is actionable under

6

1 | the [UCL] even if it is not 'deceptive' or 'unlawful.' [Citations.]" *Countrywide Financial Corp. v.*
2 | *Bundy,* 187 Cal.App.4th 234, 257, 113 Cal.Rptr.3d 705 (2010). "The 'unfair' standard is
3 | intentionally broad to allow courts to have maximum discretion to prohibit schemes to defraud," and
4 | "[t]he unfairness test has been described as follows: 'Determination of whether a business practice
5 | or act is 'unfair' within the meaning of the [UCL] entails examination of the impact of the practice
6 | or act on its victim, " '. . . balanced against the reasons, justifications and motives of the alleged
7 | wrongdoers. In brief, the court must weigh the utility of the defendant's conduct against the gravity
8 | of the harm to the alleged victim . . . .' [Citation.]" [Citations.]' " *Id.*

Having reviewed the FAC in its entirety, the Court finds Plaintiff has failed to allege facts sufficient to plead a violation of the UCL's unlawful, fraudulent or unfair prongs. Accordingly, dismissal of the unfair competition cause of action must be GRANTED.

***Plaintiff' seventh cause of action (loss of opportunity)*** – Lastly, Plaintiff asserts a cause of action against Defendant for loss of opportunity, alleging Defendant's "breach of contract and the duty of care for the purposes of negligence deprived Plaintiff the opportunity to participate in the open enrollment process." Plaintiff further alleges, "Plaintiff['s] not being able to participate in the Open Enrollment caused her to lose her 52 agents and incurred a loss of well over One Million Dollars."

Plaintiff has provided no authority – and the Court's research reveals no authority – to suggest "loss of opportunity" is a recognized cause of action in California. To the extent Plaintiff intends to allege loss of opportunity as a component of damages, the claim fails, as Plaintiff has no viable causes of action for which she could recover such damages. To the extent Plaintiff intends to allege intentional interference with prospective economic advantage (IIPEA), the claim likewise fails. The elements of IIPEA are: "(1) an economic relationship between plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) an intentional act by the defendant, designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the

defendant that is designed to disrupt the relationship between the plaintiff and a third party." *Edward v. Arthur Andersen LLP,* 44 Cal.4th 937, 944, 81 Cal.Rptr.3d 382, 189 P.3d 285 (2008).  Plaintiff has failed to allege facts sufficient to establish one or more of the foregoing elements.  Accordingly, dismissal of this cause of action must be GRANTED.

## V. DISPOSITION

Based on the foregoing, Defendant's motion to dismiss the first, second and fourth through seventh cause of action in the first amended complaint as against it is GRANTED with leave to amend.  Plaintiff shall have one final opportunity to amend within thirty days of entry of this order.  The hearing date of August 27, 2012 is hereby VACATED.

IT IS SO ORDERED.

Dated:   August 7, 2012

CHIEF UNITED STATES DISTRICT JUDGE