**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KARIMA ALI, | ) | 1:12-cv-00509-AWI-GSA |
| | ) | |
| Plaintiff, | ) | ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT |
| v. | ) | |
| | ) | |
| HUMANA, INC., | ) | (Doc. 19) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I. INTRODUCTION**

Defendant Humana, Inc. (hereinafter "Defendant") has filed a motion to dismiss the first, second and fourth through seventh causes of action in the second amended complaint of plaintiff Karima Ali (hereinafter "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement in the alternative pursuant to Federal Rule of Civil Procedure 12(e). For reasons discussed below, the motion to dismiss shall be granted in part and denied in part.

**II. FACTS AND PROCEDURAL BACKGROUND**

The Court refers the parties to previous orders for a complete chronology of the proceedings. On

August 24, 2012, Plaintiff filed her second amended complaint (SAC) against Defendant asserting causes of action for (1) breach of written contract, (2) conversion, (3) defamation, (4) negligence, (5) fraud and deceit by intentional conversion, (6) unfair competition and (7) loss of opportunity. On September 10, 2012, Defendant filed its motion to dismiss the first, second and fourth through seventh causes of action in the SAC pursuant to Rule 12(b)(6) or for a more definite statement in the alternative pursuant to Rule 12(e).  Plaintiff did not file a written opposition to Defendant's motion.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant [may also] move for a more

definite statement under [Federal] Rule [of Civil Procedure] 12(e) before responding." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

## IV. DISCUSSION

***Plaintiff's first cause of action (breach of written contract)*** – Plaintiff first asserts a cause of action against Defendant for breach of written contract. In California, the elements of a cause of action for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach and (4) resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 821, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011). "If the action is based on alleged breach of a written contract," as in this case, "the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." *Harris v. Rudin, Richman & Appel,* 74 Cal.App.4th 299, 307, 87 Cal.Rptr.2d 822 (1999). In the body of the SAC, Plaintiff alleges as follows:

> "On or about December 2009, Plaintiff and Defendant, and each of them, entered into a written and verbal agreement (APPENDIX I) wherein Plaintiff was to solicit applications for the Medicare Plans, through its agents, sell, market and promote the Medicare Advantage Plans sold by Defendant. Defendant Humana, Inc. was to pay the plaintiff a set sum for each application her agents submitted as well as an Override commission on every application submitted, and commence renewal payment for the next four years. Plaintiff preformed [sic] her part of the agreement."

Plaintiff further alleges:

> "Defendant Humana Inc. failed to keep its part of the Group Producing Agent or Agency agreement that was signed and executed Dec. 9, 2009. Contract Item number 4 calls for Defendant to pay Plaintiff override commission on every enrollment that her agents submit. Plaintiff Agents [sic] submitted 400 Enrolment [sic] on 2011 Annual Enrollment Period. Plaintiff earned $40,000.00 Commission according to the agreement. Defendant did not pay the amount on 2011 and 2012. Defendant owes Plaintiff $80,000.00 for 2011 and 2012."

Ordinarily, the Court would be inclined to agree the foregoing allegations are sufficient to state a claim for breach of contract. But Plaintiff has also attached as an exhibit to the SAC a copy of the contract she contends is the agreement she entered into with Defendant. Problematically for

3

Plaintiff, the contractual terms alleged in the body of the SAC are not consistent with the terms and conditions stated in the attached exhibit. "Contract Item number 4" of the exhibit, labeled Appendix I and entitled "Group Producing Agent or Agency contract," provides in pertinent part as follows:

> "As full compensation for services performed hereunder, the Company will pay to the GPA [Group Producing Agent] commissions set forth in the applicable Producer Partnership Plan or other applicable written documents provided to the GPA by the Company, which are made a part of this Contract. The Company will pay a Medicare referral fee, hereinafter referred to as 'commissions,' for purposes of this Contract only and shall not be deemed commissions by the GPA or the Company for any other purpose or in any other manner. The GPA shall receive Medicare referral fees according to the terms and rules of the Medicare referral fee program."

There are clearly material differences between Plaintiff's allegations and the terms of Appendix I. First, while Plaintiff contends the agreement between the parties required Defendant to pay her a commission and an override commission[1] for every application submitted by her agents, the copy of the purported contract only required Defendant to pay Plaintiff a commission and a Medicare Referral fee. Second, while Plaintiff appears to contend the agreement required Defendant to pay her $100 for every application submitted by her agents ($40,000 ÷ 400 = $100), the copy of the purported contract required Defendant to pay amounts in accordance with a separate Producer Partnership Plan and the Medicare referral fee program, neither of which has been alleged by Plaintiff. "Under the doctrine of truthful pleading, the courts 'will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents . . . . [A]llegations of fact, inconsistent with annexed documentary exhibits . . . may be disregarded[.]' " *Hoffman v. Smithwoods RV Park, LLC,* 179 Cal.App.4th 390, 400, 102 Cal.Rptr.3d 72 (2009) (internal citations omitted); *accord Perkins v. Silverstein,* 939 F.2d 463, 469 n. 4 (7th Cir. 1991); *see Ott v. Home Sav. & Loan Association,* 265 F.2d 643, 646 (9th Cir. 1958). That the SAC contains factual allegations inconsistent with an attached exhibit Plaintiff contends is precisely the instrument upon which her contractual claim is founded undermines the breach of contract cause of action.

---

[1] "Override commissions are commissions on sales made by other sales representatives within a business organization." *S.E.C. v. International Heritage, Inc.,* 4 F.Supp.2d 1378, 1380 n. 6 (N.D.Ga. 1998)

4

*Compare Sehringer v. Big Lots, Inc.,* 532 F.Supp.2d 1335, 1350 (M.D.Fla. 2007) (determination of whether contractual language contained in exhibits was inconsistent with factual allegations went to the merits of plaintiff's breach of contract claim and was not properly before the court on motion to dismiss where defendant did not identify specific inconsistencies between the documents).

Inconsistencies between the allegations and the exhibit do not, of course, preclude Plaintiff from potentially stating a claim, as the written agreement could conceivably have been modified by the parties (which would explain any inconsistencies). That the written agreement does not appear to be fully integrated also does not preclude Plaintiff from stating a claim, as Plaintiff could conceivably introduce additional allegations to supplement (although not to vary or contradict, as in the SAC) the terms of the agreement. Nevertheless, absent some compelling explanation why inconsistencies exist, Plaintiff will not be permitted to proceed. Accordingly, Defendant's motion to dismiss the breach of contract cause of action shall be granted. The Court acknowledges that in its previous order granting Defendant's motion to dismiss this cause of action in Plaintiff's *first* amended complaint, the Court stated Plaintiff's *second* amended complaint would be her final opportunity to amend. However, given Plaintiff is proceeding *in propria persona* and the issues at hand were not raised in Defendant's previous motions, the Court finds it appropriate to reconsider its previous ruling and grant Plaintiff one final opportunity to amend this cause of action in a third amended complaint. The Court further notes that if Plaintiff intends to continue proceeding on Appendix I, Plaintiff should allege the terms of (or attach as exhibits) any contract referred to in Appendix I and upon which her breach of contract claim relies (e.g., the Producer Partnership Plan).

***Plaintiff's second cause of action (conversion)*** *–* Plaintiff further alleges a cause of action against Defendant for conversion. In California, conversion is "the wrongful exercise of dominion over" property belonging to another. *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1066, 80 Cal.Rptr.2d 704 (1998). The elements of the tort of conversion are "(1) the plaintiff's ownership or right to possession of personal property, (2) the defendant's disposition of the property in a manner that is

5

inconsistent with the plaintiff's property rights; and (3) resulting damages." *Fremont Indemnity Co. v. Fremont General Corp.,* 148 Cal.App.4th 97, 119, 55 Cal.Rptr.3d 621 (2007). Having reviewed the SAC, the Court finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief for conversion. Plaintiff alleges Defendant "received well over $40,000.00 for 2011 enrollments from the US Government [sic] on behalf of Plaintiff as commission," but alleges no facts to establish her ownership or right to possession of these funds other than to suggest Defendant had an obligation under its contract with Plaintiff to pay Plaintiff override commissions on every enrollment Plaintiff's agents submitted. Problematically for Plaintiff, as the Court concluded above, Plaintiff has failed to allege facts sufficient to state a claim for breach of contract. Accordingly, dismissal of this cause of action shall be granted. The Court acknowledges that in its previous order granting Defendant's motion to dismiss the conversion cause of action in Plaintiff's *first* amended complaint, the Court stated Plaintiff's *second* amended complaint would be her final opportunity to amend. However, given (1) the Court has found it appropriate to allow Plaintiff to amend her breach of contract claim and (2) the conversion claim may be premised upon that claim (that is, Plaintiff could conceivably allege the ownership interest or right to possession necessary for conversion if she can successfully allege it was a breach of the parties' agreement for Defendant to fail to pay Plaintiff the override commissions), the Court finds it appropriate to reconsider its previous ruling and grant Plaintiff one final opportunity to amend the conversion cause of action in a third amended complaint.

***Plaintiff's fourth cause of action (negligence)*** – Plaintiff further asserts a cause of action against Defendant sounding in negligence. "The elements of a cause of action for negligence are ' " '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach [was] the proximate or legal cause of the resulting injury.' " [Citation.]' [Citation.]" *Walker v. Sonora Regional Medical Center,* 202 Cal.App.4th 948, 958, 135 Cal.Rptr.3d 876 (2012). In this case, Plaintiff alleges Defendant "ha[d] a legal duty imposed by [Central Medicare Services] to use due care in handling any [a]udit request." Plaintiff further alleges Defendant "informed Plaintiff that any [a]udit request

6

will be handled within 48 hours." Plaintiff further alleges she "filed 10 audit trails to inquire . . . about her commission which exceeds [$]40,000.00. Defendant . . . never responded to any of the 10 audit trails." Plaintiff further alleges Defendant's inaction "caused [her] not [to] meet her payroll and . . . to pay $33000.00 in penalties to [the] California Department of Labor Commission." These facts are sufficient to state a plausible claim to relief for negligence. Accordingly, Defendant's motion to dismiss the fourth cause of action for negligence shall be denied.

***Plaintiff's fifth cause of action (fraud and deceit by intentional conversion)*** – Plaintiff further asserts a cause of action against Defendant for fraud and deceit by intentional conversion. In California, " 'fraud is an intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. [Citation.]' [Citation.]" *Intrieri v. Superior Court,* 117 Cal.App.4th 72, 85-86, 12 Cal.Rptr.3d 97 (2004). Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong.' [Citation.]" *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. [Citation.] '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' [Citation.]" *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003); *see Lazar v. Superior Court,* 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996); *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991) ("requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and

7

when . . . ."). Having reviewed the SAC, the Court finds Plaintiff has failed to allege facts sufficient to state a plausible claim for fraud against Defendant. Plaintiff has not provided the requisite specificity for the allegations, and thus the allegations are simply too vague and generalized to support a claim. Accordingly, dismissal of the fraud claim must be granted without leave to amend.

***Plaintiff's sixth cause of action (unfair competition)*** – Plaintiff further asserts a cause of action against Defendant for unfair competition, presumably in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 et seq. "In order to state a claim for a violation of the [UCL], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of California,* 189 Cal.App.4th 1117, 1136, 117 Cal.Rptr.3d 262 (2010). The purpose of the UCL "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002). " 'Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent. "In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa." ' " *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

An unlawful business practice is one that " 'is forbidden by any law' " (*Olszewski v. Scripps Health,* 30 Cal.4th 798, 827, 135 Cal.Rptr.2d 1, 69 P.3d 927 (2003)), and "[v]irtually any law – federal, state or local – can serve as a predicate for a section 17200 action" (*State Farm Fire & Casualty Co. v. Superior Court,* 45 Cal.App.4th 1093, 1102-03, 53 Cal.Rptr.2d 229 (1996) (abrogated on other grounds by *Cel-Tech Communications, Inc., supra,* 20 Cal.4th at 180)). " '[A] fraudulent business practice is one that is likely to deceive members of the public.' [Citation.] 'A claim based upon the fraudulent business practice prong of the UCL is "distinct from common law fraud. 'A [common law] fraudulent deception must be actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages. None of these elements are

required to state a claim for . . . relief' under the UCL. [Citations.] This distinction reflects the UCL's focus on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices.'" [Citation.] A fraudulent business practice ' " 'may be accurate on some level, but will nonetheless tend to mislead or deceive . . . . A perfectly true statement couched in such a manner that is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under' " the UCL.' [Citation.]" *Boschma v. Home Loan Center, Inc.,* 198 Cal.App.4th 230, 252-53, 129 Cal.Rptr.3d 874 (2011). Lastly, "an 'unfair' business practice is actionable under the [UCL] even if it is not 'deceptive' or 'unlawful.' [Citations.]" *Countrywide Financial Corp. v. Bundy,* 187 Cal.App.4th 234, 257, 113 Cal.Rptr.3d 705 (2010). "The 'unfair' standard is intentionally broad to allow courts to have maximum discretion to prohibit schemes to defraud," and "[t]he unfairness test has been described as follows: 'Determination of whether a business practice or act is 'unfair' within the meaning of the [UCL] entails examination of the impact of the practice or act on its victim, " '. . . balanced against the reasons, justifications and motives of the alleged wrongdoers. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim . . . .' [Citation.]" [Citations.]' " *Id.*

Having reviewed the SAC in its entirety, the Court finds Plaintiff has failed to allege facts sufficient to plead a violation of the UCL's unlawful, fraudulent or unfair prongs. Accordingly, dismissal of the unfair competition cause of action must be granted without leave to amend.

***Plaintiff' seventh cause of action (loss of opportunity)*** – Lastly, Plaintiff asserts a cause of action against Defendant for loss of opportunity, alleging Defendant's "breach of contract and the duty of care for the purposes of negligence deprived Plaintiff the opportunity to participate in the open enrollment process." Plaintiff further alleges, "Plaintiff['s] not being able to participate in the Open Enrollment caused her to lose her 52 agents and incurred a loss of well over One Million Dollars." Plaintiff has provided no authority – and the Court's research reveals no authority – to suggest "loss

9

of opportunity" is a recognized cause of action in California. To the extent Plaintiff intends to allege intentional interference with prospective economic advantage (IIPEA), the claim fails. The elements of IIPEA are: "(1) an economic relationship between plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) an intentional act by the defendant, designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant that is designed to disrupt the relationship between the plaintiff and a third party." *Edward v. Arthur Andersen LLP,* 44 Cal.4th 937, 944, 81 Cal.Rptr.3d 382, 189 P.3d 285 (2008). Plaintiff has failed to allege facts sufficient to establish at least several of the foregoing elements. Accordingly, dismissal of this cause of action shall be granted without leave to amend.

## V. DISPOSITION

Based on the foregoing, Defendant's motion to dismiss the first and second causes of action for breach of contract and conversion, respectively, is GRANTED as against it with leave to amend. Plaintiff shall have one final opportunity to amend within thirty days of entry of this order.

Defendant's motion to dismiss the fifth, sixth and seventh causes of action for fraud and deceit by intentional conversion, unfair competition and loss of opportunity, respectively, is GRANTED as against it without leave to amend.

Defendant's motion to dismiss the fourth cause of action for negligence is DENIED.

IT IS SO ORDERED.

Dated: October 10, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE