IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA K. ALI,<br><br>    Plaintiff,<br><br>v.<br><br>HUMANA INC.,<br><br>    Defendant. | CASE NO. 1:12-CV-00509-AWI-GSA<br><br>ORDER DENYING DEFENDANT HUMANA INC.'S MOTION TO DISMISS FIRST AND SECOND CAUSES OF ACTION IN PLAINTIFF'S THIRD AMENDED COMPLAINT<br><br>[DOCUMENT NO. 30] |

## I. INTRODUCTION

Defendant, Humana Inc., (hereinafter referred to as "Defendant") has filed a motion to dismiss the first and second causes of action in the third amended complaint of Plaintiff, Karima K. Ali (hereinafter referred to as "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion to dismiss shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

The court refers the parties to previous orders for a complete chronology of the proceedings. On October 22, 2012, Plaintiff filed her third amended complaint (TAC) against Defendant alleging (1) breach of written contract, (2) conversion, (3) defamation, and (4) negligence. On November 5, 2012, Defendant filed a motion to dismiss the first and second causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." (*Id.* at 664-665). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

**A.** *Breach of Written Contract*

In California, the elements of a cause of action for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach and (4) resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 821, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011). "If the action is based on alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." *Harris v. Rudin, Richman & Appel,* 74 Cal.App.4th 299, 307, 87 Cal.Rptr.2d 822 (1999).

Plaintiff's TAC alleges that she and Defendant "entered into an agreement that Plaintiff will receive $100 for every enrollment her agents submit," that Plaintiff "performed all conditions, Covenants, [sic] and promises required by it on its part to be performed in accordance

2

with the terms and condition of the contract," that Plaintiff's "Agents [sic] submitted 400 Enrolment [sic] for 2011 Annual Enrollment Period which started on Nov. 1, 2010 and ended Dec. 31, 2010," that "Plaintiff earned $40,000.00 Commission [sic] according to the verbal and written agreement," and that "Defendant did not pay the amount on 2011 and 2012," amounting to damages of $80,000 for the years 2011 and 2012, and $33,000 in penalties incurred from the California Department of Labor Commission.  Plaintiff attached the contract as Appendix I, but as Defendant points out, the terms of compensation between the parties are set out in a collateral contract titled Producer Partnership Plan, which is not attached.

Defendant argues that Plaintiff has failed to sufficiently allege a cause of action for breach of contract because she failed to attach a copy of the Producer Partnership Plan or the terms and rules of the Medicare referral fee program.  Mot. to Dismiss at 6-7.  Defendant further claims that Plaintiff's failure to attach either of these documents or allege their terms renders her claim insufficient.  However, contrary to Defendant's argument, federal procedural rules do not require that the contract at issue be attached to the complaint.  *Downtown Plaza LLC v. Nail Trix, Inc.*, 2008 WL 5099656 at *1 (E.D.Cal.2008).

In this case, Plaintiff has alleged the material terms and conditions of an agreement that she entered into with Defendant, in which Defendant was to pay $100 for every enrollment Plaintiff's agents submitted, that Plaintiff's agents submitted $40,000 worth of enrollments in both 2011 and 2012 in accordance with the terms of the agreement, that Defendant breached the agreement by not paying, and that Plaintiff has suffered damages as a result of this breach amounting to the $80,000 Defendant did not pay and an additional $33,000 in penalties incurred from the California Department of Labor Commission because Plaintiff was unable to meet her payroll obligations as a result of Defendant's failure to hold up its end of the agreement.  These allegations are sufficient to plead a breach of contract.

**B. *Conversion***

In California, the elements of conversion are "(1) the plaintiff's ownership or right to

3

possession of personal property, (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights, and (3) resulting damages." *Fremont Indemnity Co. v. Fremont General Corp.,* 148 Cal.App.4th 97, 119, 55 Cal.Rptr.3d 621 (2007). Plaintiff's conversion claim is premised on her breach of contract claim. Defendant argues that Plaintiff's cause of action for conversion should be dismissed because Plaintiff failed to allege that she was entitled to the $80,000 as a result of any Contract with Defendant. Mot. to Dismiss at 7.

However, in light of this court's conclusion regarding Plaintiff's breach of contract claim above (i.e., that Plaintiff has adequately pleaded a cause of action for breach of contract), it follows that Plaintiff has also adequately pleaded a cause of action for conversion. First, Plaintiff alleges that she has a right to possess the $80,000 because she and Defendant entered into an agreement in which Defendant agreed to pay her $100 for every enrollment submitted by Plaintiff's agents. Second, Plaintiff alleges that Defendant did not pay the $80,000 owed to her under the agreement, but rather kept this money for itself. Lastly, Plaintiff alleges $80,000 in damages from non-payment, as well as $33,000 in California Department of Labor Commission penalties as a result of Defendant's conversion. Thus, Plaintiff's allegations are sufficient to plead a cause of action for conversion.

## V. DISPOSITION

Based on the foregoing, Defendant's motion to dismiss the first and second causes of action for breach of contract and conversion, respectively, is DENIED.

IT IS SO ORDERED.

Dated:   February 12, 2013

_____
SENIOR DISTRICT JUDGE

4